UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MAJOR C. SEABURY,

                 Plaintiff,

                            **MEMORANDUM AND ORDER**
    -against-                         06-CV-1477 (NGG)

THE CITY OF NEW YORK,

                 Defendant.
--------------------------------------------------------X
GARAUFIS, United States District Judge:

      Plaintiff Major C. Seabury filed this *pro se* action against the City of New York on

March 31, 2006. By Order dated May 18, 2006, this Court dismissed some of Plaintiff's claims

and directed Plaintiff to file an Amended Complaint within thirty (30) days, naming individual

defendants or alleging facts that would support a liability claim against the City of New York.

See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171

F.3d 794, 795 (2d Cir. 1999). As of the date of this order, plaintiff has not filed an amended

complaint as directed.

      Plaintiff's initial Complaint alleged that the City of New York retaliated against him for

filing a lawsuit in state court and had violated his constitutional rights under the Fifth, Sixth, and

Fourteenth Amendments. Such claims may be brought pursuant to 42 U.S.C. §1983, which

allows an individual to bring suit against *persons* who, under color of state law, have caused him

to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws"

of the United States. 42 U.S.C. §1983. However, Plaintiff named only the City of New York as

a defendant, and did not name individual defendants. A municipality can be liable under §1983

only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her

constitutional rights. See Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-91 (1978). Proof of

a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Plaintiff has alleged no municipal policy or custom which would support a finding of liability against the City of New York pursuant to Monell.

Accordingly, Plaintiff's claim is not cognizable under 42 U.S.C. § 1983, nor does Plaintiff assert any other federal question that would confer federal subject matter jurisdiction over this action. "If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)).

## CONCLUSION

For the reasons stated above, Plaintiff's remaining claims are dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/signed/
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
September 2.-, 2006

2